MOSES CARTER
v.
KENNETH RICHARD STATE FARM INSURANCE AND HARTFORD CASUALTY INSURANCE COMPANY
CONSOLIDATED WITH KENNETH RICHARD
v.
TELLIS J. JOLIVETTE U S AGENCIES CASUALTY INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY INSURANCE COMPANY
No 2008 CA 1891
Court of Appeals of Louisiana, First Circuit.
May 13, 2009.
Not Designated for Publication
W. MICHAEL STEMMANS, M. TODD ALLEY, MICHAEL J. TAFFARO, JENNIFER FREDERICKSON Counsel for Defendant/Appellant Kenneth Richard.
BOBBIE M. BANKSTON, RICHARD S. THOMAS, Counsel for Defendant/Appellee State Farm Mutual Automobile Insurance Company.
Before: KUHN, GUIDRY, AND GAIDRY, JJ.
GAIDRY, J.
In this case, the plaintiff appeals a summary judgment in favor of his uninsured/underinsured motorist ("UM") carrier dismissing his UM claim arising from an automobile accident. Finding that genuine issues of material fact precluded the granting of summary judgment in this matter, we reverse.

FACTS AND PROCEDURAL HISTORY
The automobile accident at issue occurred in Baton Rouge at the intersection of Sherwood Forrest Boulevard and the Airline Highway Service Road. The vehicle driven by plaintiff, Kenneth Richard, was struck on the passenger side by a vehicle driven by defendant, Tellis Jolivette, as Richard traveled north on the Airline Highway Service Road across the westbound lanes of Sherwood Forrest Boulevard. After being hit by the Jolivette vehicle, Richard's vehicle collided with a third vehicle, driven by Moses Carter, which was stopped at a stop sign in the southbound lane of the Airline Highway Service Road. Richard filed suit against Jolivette and his liability insurer, as well as against his own UM carrier, State Farm Fire and Casualty Insurance Company ("State Farm"), for his injuries arising from the accident. Carter also filed suit against Richard, State Farm (as Richard's liability insurer), and Hartford Casualty Insurance Company, the UM carrier for the vehicle being driven by Carter. The two suits were eventually consolidated.
State Farm filed a motion for partial summary judgment, seeking to have Richard's claims under his UM policy dismissed with prejudice because State Farm alleged that there existed no genuine issues of material fact and that Richard was clearly at fault in causing the accident. After a hearing, the trial court found that there were no genuine issues of material fact and that Richard "was controlled by a stop sign and that he failed to see what he should have seen, and he pulled out from the stop sign." The court granted State Farm's motion for summary judgment, dismissing Richard's claims against it with prejudice, and designated the judgment as a final judgment in accordance with La. C.C.P. art. 1915(B).[1] This appeal by Richard followed, in which Richard asserts that the trial court erred in finding that no genuine issues of material fact existed and in granting State Farm's motion for summary judgment.

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La. 10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Fernandez v. Hebert, 06-1558, p. 8 (La.App. 1 Cir. 5/4/07), 961 So.2d 404, 408, writ denied, 07-1123 (La. 9/21/07), 964 So.2d 333. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. Anglin v. Anglin, 05-1233, p. 5 (La.App. 1 Cir. 6/9/06), 938 So.2d 766, 769. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits. Fernandez v. Hebert, 06-1558 at 8, 961 So.2d at 408. Summary judgment is favored and "is designed to secure the just, speedy, and inexpensive determination of every action." La. C.C.P. art. 966(A)(2).
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Sanders, 96-1751 at 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (RHO Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
Louisiana Revised Statutes 32:123(B) provides that every driver approaching a stop sign shall stop, and after having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard. A motorist claiming preemption of an intersection while crossing a favored roadway must show that he entered at a time when he had a reasonable opportunity to complete the crossing without endangering or impeding the passage of a vehicle on the superior roadway. Williams v. Garner, 268 So.2d 56, 60 (La.App. 1 Cir. 1972). In order to preempt an intersection, a motorist must show that he made a lawful entry, at a proper speed, after ascertaining that oncoming traffic was sufficiently removed to permit a safe passage, and under the bona fide belief and expectation that he can negotiate a crossing with safety. He must show that he entered the intersection at a proper speed and sufficiently in advance of the vehicle on the intersecting street to permit him to cross without requiring an emergency stop by the other vehicle. Archer v. Hurst, 05-1483, p. 8 (La.App. 1 Cir. 6/9/06), 938 So.2d 741, 745.
A review of the evidence on the motion for summary judgment reveals several disputed issues of material fact. First, there is a dispute as to whether Richard stopped at the stop sign before entering the intersection. Although Richard testified that he stopped at the stop sign before entering the intersection, Carter testified at his deposition that Richard did not stop. Richard stated that after stopping at the stop sign, determining that the intersection was clear, and that oncoming traffic was controlled by a red light, he crossed the eastbound lanes of Sherwood Forrest, then paused near the median between the eastbound and westbound lanes to make sure that the light was still red for the westbound lanes before crossing those lanes. Richard made it across one or two of the westbound lanes before his vehicle was struck by the Jolivette vehicle. Alternatively, Carter, Jolivette, and Wayne Williams, an independent witness to the accident, all testified that the westbound lanes of Sherwood Forrest had a green light when Richard attempted to cross them. Williams testified that the light had been green for approximately five seconds before the Jolivette vehicle even began to move. Carter also testified that Richard was driving quickly and seemed to be trying to beat the light. Considering the conflicting evidence in the record, the court had to make a credibility call in order to find that Richard had not preempted the intersection and was at fault in causing the accident. As such, summary judgment was not appropriate on this issue.

DECREE
The judgment of the trial court granting State Farm's motion for summary judgment and dismissing Richard's claims against it with prejudice is reversed. Costs of this appeal are assessed to appellee, State Farm.
REVERSED.
NOTES
[1] We observe that the judgment in this case is properly appealable pursuant to La. C.C.P. art. 1915(A), rather than La. C.C.P art. 1915(B). At the time judgment was rendered, the claims against State Farm asserted by Carter in the consolidated suit had been dismissed, so the summary judgment resulted in the complete dismissal of State Farm as a party.